

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00146-CR

WELDON EUGENE SHELTON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Weldon Eugene Shelton pled guilty to possession of less than one gram of methamphetamine. The trial court's certification of appellant's right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal."

On April 10, 2012, we sent the parties a letter notifying them that the appeal could be dismissed unless any party filed a response showing grounds for

---

[1]*See* Tex. R. App. P. 47.4.

continuing the appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f).  Appellant filed a pro se response contending that he had filed a pretrial motion to suppress, which he was trying to appeal.  But his appointed counsel filed a response conceding that appellant has no right of appeal.

Appellant's response does not show grounds for continuing the appeal.  Rule 25.2(a)(2) provides that a plea-bargaining defendant may appeal only matters that were raised by written motion filed *and* ruled on before trial.  Tex. R. App. P. 25.2(a)(2); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (requiring appellate courts to dismiss prohibited appeal without further action, regardless of basis for appeal).  There is no order from the trial court ruling on appellant's motion.[2]  Moreover, appellant signed written plea admonishments in which he waived any right of appeal.  Thus, we dismiss the appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez*, 183 S.W.3d at 680.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 14, 2012

---

[2]Appellant waived a reporter's record.